### MILES BEACH *v.* JOHN McDONOUGH.

Where one stands by, and sees his property sold under legal process, without making his claim known, or objecting thereto, he will be bound by the sale.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

GARLAND, J. The plaintiff claims $1440, the value of two billiard tables, and damages, for being deprived of the use of them for nearly six months. The defendant denies his right to the tables, and avers, that they were in a certain house, which he had rented to one Wallace, against whom he had a judgment for the rent, and under which, and his privilege as landlord, they were

seized and sold ; that the plaintiff knew of the seizure, and was present at the sale, and never claimed said tables, or made objection to their being sold.   The facts are, that Wallace was indebted to McDonough about $650, for rent of the house, a part of which was sub-leased to one Philburn, who used it as a billiard room, and had the tables and fixtures in it.   Philburn, in arrears for the rent to Wallace, made a sale of the tables to Beach in writing, who took possession of them, but did not remove them from the premises.   About two weeks after this sale, McDonough had a provisional seizure made of all the moveables in the house, comprising the tables in question, under an order against Wallace, whom he sued for the rent.   This suit was pending several months ; during all which time, Beach never intervened to claim the tables, though he well knew of the seizure.   He was present when the tables were sold by the Sheriff, and never made any claim to them, or objected to the sale ; on the contrary, he told a witness that he came there to purchase the tables.   There is no evidence that the tables are in the possession of McDonough, or ever were ; and it is certain, that Philburn, the sub-tenant, was owing Wallace about $120 for rent, at the time of the sale to Beach, and that McDonough had a privilege on the property. There is no evidence of the specific sum for which the tables and fixtures were sold, or who became the purchaser ; and other property was sold at the same time.   The consideration mentioned in the sale is not proved to have been paid, by any witness, except the vendor, Philburn, who says, that he is satisfied with it, but there is no evidence of any money, or other thing, being actually paid. There was a judgment against the defendant for $133, and he has appealed.

It appears to us, that this judgment is erroneous.   Under articles 2175 and 2176 of the Civil Code, there cannot be a doubt, that the defendant had a privilege on all the moveable property on the premises.   Upon that belonging to the under-tenant, the privilege was limited to the amount of rent he was owing.   The entire silence of Beach, during the pendency of the whole proceeding, although he knew that the billiard tables were seized, and in the possession of the Sheriff, is surprising, and wholly unaccounted for.   After the seizure, he once, privately, in the night, removed

the tables from the premises ; and, upon a threat of being prosecuted for so doing, brought them back, and quietly submitted to their being sold in his presence, without ever asserting a claim. Why he did not, under articles 396, 397, and 398 of the Code of Practice, make an opposition to the proceedings which led to the sale, and have the privilege limited to the amount said to be owing by the sub-tenant, is not explained. It is always a suspicious circumstance, when a party, alleging a claim to property, continues silent, when he knows it is about to be sold under legal process ; and we have, on more than one occasion, decided, that if a person stands quietly by and sees his property sold, without making his claims known, or objecting thereto, he is afterwards bound by it. The silence of a party is sometimes as expressive and binding as a positive assent. Civil Code, art. 1811. 1 Story's Equity, 420.

The judgment of the Parish Court is, therefore, annulled and reversed, and ours is for the defendant, with costs in both courts.

*Rousseau* and *Budd*, for the plaintiff.

*Grivot*, for the appellant.